**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CANYON BUILDING & DESIGN, LLC | : | |
| Plaintiff | : | Civil Action No. |
| | : | 1:15-cv-01694-JBW-RLM |
| vs. | : | |
| | : | |
| NRB (USA), INC. and WESTERN SURETY | : | |
| COMPANY, CNA SURETY, INC., | : | |
| Defendants | : | |
| | : | |
| and | : | |
| | : | |
| NRB (USA), INC., | : | |
| Third Party Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| GREAT AMERICAN INSURANCE COMPANY | : | |
| | : | |
| Third Party Defendant | : | |

**NRB (USA), INC., WESTERN SURETY COMPANY & CNA SURETY, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES & COUNTERCLAIM**
**TO PLAINTIFF'S COMPLAINT**

Defendants, NRB (USA), Inc. ("NRB"), Western Surety Company ("Western") and CNA

Surety, Inc. ("CNA") (collectively, the "Defendants"), by and through their counsel, Tesser &

Cohen, hereby submit the following Answer, Affirmative Defenses & Counterclaim to Plaintiff's

Complaint and, in support thereof, states as follows:

<u>ANSWER TO COMPLAINT</u>

**The Parties**

1.      Admitted in part and denied in part.  Defendants admit, upon information and

belief, that Canyon Building & Design, LLC ("Canyon") is a limited liability company organized

under the laws of the State of Arizona and with a principal place of business at 4750 N. LaCholla

Boulevard, Tucson, AZ.  Defendants lack knowledge or information sufficient to form a belief as

1

whether Canyon is authorized to do business in the State of New York and, accordingly, said allegation is denied.

2.      Admitted in part and denied in part.  Defendants admit that NRB has a principal place of business at 440 Wenger Drive, Ephrata, PA.  Defendants deny that NRB is organized under the laws of the Commonwealth of Pennsylvania; rather, NRB is a corporation organized and existing under the laws of the State of Delaware.

3.      Admitted.

4.      Admitted.

## General Allegations

5.      Admitted in part and denied in part.  Defendants admit, upon information and belief, that Canyon entered into a contract with Highmark Independent, LLC for the construction of a school, which was to be located at 556 Columbia Street, Brooklyn, New York.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and, accordingly, said allegations are denied.

6.      Admitted in part and denied in part.  Defendants admit that NRB executed a subcontract with Canyon on December 6, 2013 for $10,100,000.  Defendants deny Canyon's characterization of NRB's obligations under the subcontract; rather, NRB contracted with Canyon to manufacture modular building units for the school and deliver those units to the site of the school, where they were to be set by Canyon.  By way of further response, the subcontract between Canyon and NRB is a written document, which speaks for itself.

7.      Admitted.

8.      Admitted.

9.      Admitted in part and denied in part.  Defendants admit that NRB received a Notice of Default from Canyon on or about February 18, 2015, and such writing speaks for itself. Defendants deny that NRB was in default on the subcontract and deny the allegations contained in the Notice of Default.

10.     Admitted in part and denied in part.  Defendants admit NRB filed a mechanic's lien in the amount of $1,095,253.  Defendants lack knowledge or information sufficient to form a belief as to whether the $1,095,253 represents retainage held against Canyon's contract with Highmark Independent, LLC and, accordingly, said allegation is denied.

11.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and, accordingly, said allegations are denied.  By way of further answer, NRB's obligations under the subcontract are complete.

12.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and, accordingly, said allegations are denied.  By way of further answer, Defendants deny that NRB defaulted on its subcontract with Canyon.

**First Cause of Action Against NRB**

13.     Defendants incorporate by reference their responses to Paragraphs 1 through 12, above.

14.     Admitted.

15.     Denied.  Defendants deny the allegations in Paragraph 15.

16.     Denied.  Defendants deny the allegations in Paragraph 16.

17.     Denied.  Defendants deny the allegations in Paragraph 17.

18.     Denied.  Defendants deny the allegations in Paragraph 18.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

19.     Denied.  Defendants deny the allegations in Paragraph 19.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

**Second Cause of Action Against NRB**

20.     Defendants incorporate by reference their responses to Paragraphs 1 through 19, above.

21.     Denied.  The allegations in this paragraph refer to a written document – specifically, the subcontract between Canyon and NRB – which speaks for itself.  To the extent that Canyon's allegations misstate, mischaracterize or misconstrue this document, said allegations are denied.

22.     Denied.  The allegations in this paragraph refer to a written document – specifically, the subcontract between Canyon and NRB – which speaks for itself.  To the extent that Canyon's allegations misstate, mischaracterize or misconstrue this document, said allegations are denied.

23.     Denied.  Defendants deny the allegations in Paragraph 23.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

24.     Denied.  Defendants deny the allegations in Paragraph 24.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

25.     Denied.  Defendants deny the allegations in Paragraph 25.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

### Third Cause of Action

26.     Defendants incorporate by reference their responses to Paragraphs 1 through 25, above.

27.     Admitted in part and denied in part.  Defendants admit that Western issued Performance Bond #58708696.  Defendants deny the remainder of the allegations in this paragraph, as said allegations refer to a written documents, which speak for themselves.

27.     [sic]  Denied.  Defendants deny the allegations in Paragraph 27.

28.     Denied.  Defendants deny the allegations in Paragraph 28.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

29.     Denied.  Defendants deny the allegations in Paragraph 29.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

### Fourth Cause of Action

30.     Defendants incorporate by reference their responses to Paragraphs 1 through 29, above.

31.     Admitted.

32.     Admitted.

33.     Admitted in part and denied in part.  Defendants admit that NRB responded to Canyon's Demand for a Verified Statement.  Defendants deny that NRB's response failed to comply with the Lien Law.

34.     Denied.  The allegations in this paragraph contain conclusions of law to which no response is required.

35.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph and, accordingly, said allegations are denied.

36.     Denied.  Defendants deny the allegations in Paragraph 36.

37.     Denied.  Defendants deny the allegations in Paragraph 37.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

38.     Denied.  Defendants deny the allegations in Paragraph 38.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

39.     Denied.  Defendants deny the allegations in Paragraph 39.  By way of further response, the allegations in this paragraph contain conclusions of law to which no response is required.

WHEREFORE, Defendants, NRB (USA), Inc., Western Surety Company and CNA Surety, Inc., respectfully requests that this Court enter judgment in their favor, and against the Plaintiff, Canyon Building & Design, LLC, on all of Plaintiff's claims, together with costs of suit, attorneys' fees, and such other relief as the Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

NRB did not breach the Subcontract Agreement with Canyon.  Rather, NRB fulfilled its obligations under the Subcontract Agreement to manufacture the modular building units for the School and deliver those units to the School site.

### Second Affirmative Defense

NRB properly asserted a mechanic's lien in the amount of $1,095,253 against the project property pursuant to the New York Lien Law, as Canyon – without justification – failed to pay NRB all amounts owed for labor and materials NRB supplied to the School project in accordance with the parties' Subcontract Agreement.

### Third Affirmative Defense

Canyon's claims that the modular building units that NRB manufactured and delivered to the School project were defective are barred by the principles of waiver, estoppel, and/or release.

### Fourth Affirmative Defense

To the extent that Canyon has suffered any damages, those damages were not caused by NRB, but rather were caused by Canyon's own actions, the actions of Canyon's representatives or agents, or the actions of third parties over whom NRB has no control.

### Fifth Affirmative Defense

To the extent that Western or CNA are found liable on Canyon's claims, which liability is expressly denied, said liability is limited by the penal sum of the bond.

### Sixth Affirmative Defense

Canyon's complaint fails to state a cause of action upon which relief can be granted as against Defendants.

### Seventh Affirmative Defense

This Court has no personal or subject matter jurisdiction over the subject matter of this Complaint

### Eight Affirmative Defense

The Complaint is barred by the doctrine of unclean hands.

### Ninth Affirmative Defense

Canyon violated the principles of good faith and fair dealing inherent in every contract.

### Tenth Affirmative Defense

The Complaint is barred by the doctrine of laches.

### Eleventh Affirmative Defense

The Complaint is barred by the terms of the contract, to the extent a contract existed.

### Twelfth Affirmative Defense

Canyon's claims are barred by the doctrine of accord and satisfaction.

### Thirteenth Affirmative Defense

Canyon's claims are barred because Canyon breached the contract, to the extent a contract existed.

### Fourteenth Affirmative Defense

Canyon's claims are barred by the statute of frauds.

### Fifteenth Affirmative Defense

Canyon's claims are barred by the applicable Statute of Limitations

### Sixteenth Affirmative Defense

Canyon's claims are barred by the doctrine of set off.

**Seventeenth Affirmative Defense**

Canyon's claims are barred by the economic loss doctrine.

**Eighteenth Affirmative Defense**

Defendants are not liable to Canyon because Canyon breached a duty owed to Defendants which absolves Defendants of liability.

**Nineteenth Affirmative Defense**

Canyon does not having standing to bring this action.

<u>COUNTERCLAIM</u>

**The Parties**

1.      Counterclaim-Plaintiff is NRB (USA), Inc. ("NRB"), which is a corporation organized and existing under the laws of the State of Delaware, with its place of business located at 440 Wenger Drive, Ephrata, Pennsylvania 17522.  At all times material hereto, NRB was a manufacturer of modular buildings.

2.      Counterclaim-Defendant is Canyon Building & Design, LLC ("Canyon"), which is a company organized and existing under the laws of the State of Arizona, with its principal place of business located at 4750 North LaCholla Boulevard, Tucson, Arizona 85705.

**Facts**

3.      In July 2013, Canyon, through an agent, contacted NRB to inquire about NRB's interest in participating in the development of a private charter school that would be located in Brooklyn, New York at 556 Columbia Street, known as the BASIS Brooklyn School (hereinafter the "School"), which was to be operated by BASIS Charter Schools, a company operating private charter schools primarily in Arizona, Texas and Washington, D.C.

4.      The School was being developed by a company called Highmark Independent, LLC ("Highmark"), a Utah company, who hired Canyon to design and build the School, and who

would then enter into a sublease with BASIS Independent Schools, LLC ("BASIS"), an Arizona company, which would operate the School.

5.      Canyon had constructed numerous charter schools for BASIS in Arizona.

6.      NRB is in the business of constructing modular buildings, and Canyon was seeking companies experienced in modular building construction to work on the School.

7.      Canyon representatives came to NRB's office in Ephrata, Pennsylvania, to inspect NRB's construction facility and determine whether NRB constructed the type of modular buildings that were being contemplated for installation at the School.

8.      Canyon and its agents also invited NRB to meetings at the office of Canyon's consultant, which meetings were designed to acquaint NRB with the School and to attract NRB's interest in participating.

9.      On September 18, 2013, Canyon sent NRB a subcontract entitled "Subcontract Agreement" to NRB's office in Ephrata requesting NRB sign the Subcontract Agreement and agree to construct modular buildings units in Ephrata and then deliver the units to the site of the School, where Canyon would install them.

10.     NRB signed the Subcontract Agreement on December 6, 2013 and returned it to Canyon, who signed it on December 6, 2013 and returned it to NRB.

11.     Under the Subcontract Agreement, NRB was to furnish modular building units in exchange for payment of the contract amount of $10,100,000, which was adjusted to $10,471,480.00 based upon agreed-upon revisions to NRB's scope of work.

12.     NRB built the modular building units in Ephrata, Pennsylvania, and, after Canyon came to Ephrata to approve them, sent the units on trucks to the site of the School, where they were unloaded by Canyon, who failed to protect them and failed to install them properly.

10

13. Essentially, the School was comprised almost entirely of the modular building units that NRB constructed in Ephrata, Pennsylvania, under the Subcontract Agreement with Canyon.

14. Modular construction is a construction technique or process in which a building or buildings are constructed "off-site" under controlled conditions using the same or similar materials, and constructed to the same codes and standards, as conventionally built facilities, but in less time.

15. This was an unusual project in that, although the project was for the School in New York, most of the components of the building were constructed in Pennsylvania at NRB's facility, where most of the actual construction work took place.

16. Canyon was responsible for installing the modular building units at the site, and NRB had no responsibility for installation or protection of the buildings once they were delivered to the School site.

17. After the Subcontract Agreement was signed, NRB began to construct the modular building units in Ephrata, Pennsylvania, and deliver them in partial shipments at Canyon's request to the site of the School.

18. During the construction of the modular building units, Canyon representatives, David Gerovac, Martin Giroux and others, including Canyon's consultant, Andrew McLaughlin of Schoolhouse Project (whom Canyon eventually employed), came to NRB to inspect the modular building units under construction and to participate in meetings regarding the construction.

19. NRB submitted fourteen (14) invoices, called payment applications (two of which were not paid) and, on the twelve occasions that NRB was paid by Canyon, representatives of

Canyon and Highmark came to NRB's facility to inspect the buildings that NRB had constructed before making payment.

20.     Thereafter, payment was sent by Canyon to NRB's Ephrata, Pennsylvania, facility.

21.     Also, during the project, Canyon continuously sent hundreds, if not thousands, of written communications to NRB at its Ephrata, Pennsylvania, facility on a nearly daily basis.

22.     Unfortunately, Canyon's work fell severely behind schedule, and the School was not ready to receive NRB's modular building units in many cases when they arrived, yet Canyon continued to demand delivery of the modular building units.

23.     NRB incurred substantial additional costs because trucks delivered the modular building units regularly, and NRB transporters routinely had to sit and wait – sometimes for days – before Canyon would unload them, resulting in additional demurrage and other costs to NRB.

24.     For example, when NRB was directed to begin delivery of modular building units in June 2014, Canyon had not even completed the foundation, so NRB's modular building units sat and waited.

25.     Eventually, Canyon installed the modular building units, but had problems because Canyon had not properly installed the foundation to receive the modular building units.

26.     NRB incurred substantial delay costs as a result of delays that were not its fault.

27.     Despite the delays, NRB completed its work and delivered all of the modular building units to Canyon; despite this, Canyon has failed to pay NRB in full for its work, and $1,095,253 remains due and owing to NRB exclusive of interest, cost and attorneys' fees.

28.     To the extent that Canyon has not received payment for NRB's work, it is due to Canyon's own fault or neglect and, as a result, cannot be a basis to withhold payment from NRB.

29.     On February 18, 2015, Canyon terminated the Subcontract Agreement with NRB, but such termination was wrongful because NRB was not in default of its obligations and, therefore, NRB is entitled to receive the payment it seeks whether or not Canyon has been paid by Highmark for NRB's work.

### Counterclaim Count I – Breach of Contract

30.     NRB hereby incorporates Paragraphs 1 through 28 of the Counterclaim as if set forth fully herein.

31.     NRB and Canyon entered into a written Subcontract Agreement.

32.     Canyon materially breached the Subcontract Agreement by failing to pay NRB in full for its work on the project.

33.     As a result of Canyon's material breach of the Subcontract Agreement, NRB has suffered damages as aforesaid.

WHEREFORE, NRB (USA), Inc. respectfully requests that this Honorable Court enter judgment in NRB (USA), Inc.'s favor and against Canyon in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this court deems just and equitable.

### Counterclaim Count II – Violation of the New York Prompt Payment Act, N.Y. Gen. Bus. Law § 756

34.     NRB hereby incorporates Paragraphs 1 through 32 of the Counterclaim as if set forth fully herein.

35.     Under N.Y. Gen. Bus. Law § 756-a *et seq*. (the New York "Payment Act"), NRB was entitled to be paid in accordance with the requirements of the Payment Act.

36.     The Subcontract Agreement provides that it shall be governed by and construed according to the laws of the State of New York.

37.     If Canyon intended to withhold all or a portion of any payment, it was required to provide NRB with written notice of withholding, specifying the conditions for any such withholding, and the specific amount to be withheld, within twelve days of delivery of each NRB invoice, which Canyon failed to do.

38.     NRB repeatedly asked Canyon for a copy of Canyon's written agreement with Highmark where the payment terms would be included, but Canyon failed to provide it.

39.     As a result of Canyon's failure to comply with the Payment Act, NRB is entitled to interest at the rate of one percent (1%) per month or a fraction of a month on the unpaid balance.

WHEREFORE, NRB (USA), Inc. respectfully requests that this Honorable Court enter judgment in NRB (USA), Inc.'s favor in a principal amount of $1,095,253, together with statutory interest on all unpaid amounts, and on any balance not timely paid pursuant to N.Y. Gen. Bus. Law §756-b, and for such other and further relief as this Court deems just and proper.

### Counterclaim Count III – Declaratory Judgment

40.     NRB hereby incorporates Paragraphs 1 through 38 of the Counterclaim as if set forth fully herein.

41.     By letter of February 18, 2015, long after NRB had completed its work at the School, Canyon sent NRB a Notice of Default stating that NRB's contract was terminated for cause, effective immediately.

42.     This termination was not justified and, even if it was, Canyon breached the Subcontract Agreement by failing to carry out the termination as required by the Subcontract Agreement, which required Canyon to provide NRB with five (5) days written notice and an

14

opportunity to commence efforts to cure the alleged deficiency before Canyon could terminate NRB.

43.     NRB completed its work as required by the Subcontract Agreement, and any deficiencies that Canyon perceives or alleges are not the fault of NRB and, therefore, NRB rejects Canyon's Notice of Default and its termination of the Subcontract Agreement.

44.     A genuine dispute exists between the parties regarding whether NRB breached the Subcontract Agreement and whether Canyon was entitled to terminate the Subcontract Agreement for cause.

45.     Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and other legal relations of the interested parties where an actual controversy exists.

46.     28 U.S.C. § 2202 provides that further necessary, proper relief based on a declaratory judgment may be granted against any adverse party whose rights have been terminated by such declaration.

WHEREFORE, NRB (USA), Inc. respectfully requests that this Honorable Court enter a declaratory judgment in NRB (USA), Inc.'s favor declaring that NRB did not breach the Subcontract Agreement, that Canyon was not entitled to terminate the Subcontract Agreement for cause, and that NRB (USA), Inc. is entitled to payment from Canyon in a principal amount of $1,095,253, plus interest, costs, and such other and further relief as this Court deems just and equitable.

### Counterclaim Count IV – Breach of Implied in Fact Contract/Quantum Meruit

47.     NRB hereby incorporates Paragraphs 1 through 45 of the Counterclaim as if set forth fully herein.

48.     Canyon requested NRB construct a modular building at its facility in Ephrata, Pennsylvania, for the School.

49.     NRB, in fact, constructed and then provided the modular building to the site of the School in individual modular building units that were incorporated into and consumed in the School project.

50.     Implicit in Canyon's request for the modular buildings was Canyon's tacit promise to pay NRB for such buildings.

51.     NRB constructed and provided the modular buildings and the related work to the benefit of Canyon, Canyon inspected and approved of the buildings at NRB's facility, and NRB expected that it would be paid for the modular buildings and related work.

52.     NRB is entitled to recover the reasonable value of the benefit conferred upon Canyon by the modular buildings.

53.     The reasonable value of the modular buildings and related work that NRB built for Canyon is $1,095,253.

54.     Canyon has failed to pay NRB in full for the reasonable value of the modular buildings that NRB built and provided to Canyon with the expectation of payment.

WHEREFORE, NRB (USA), Inc. respectfully requests judgment in its favor and against Canyon Building & Design, LLC in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this Court deems just and equitable.

### Counterclaim Count V – Contract Implied In Law
### (Quasi Contract) / Unjust Enrichment

55.     NRB hereby incorporates Paragraphs 1 through 53 of the Counterclaim as if set forth fully herein.

56.     NRB provided equipment, labor and materials directly to, and for the benefit of, Canyon.

57.     The labor, equipment and materials were furnished with the knowledge and consent of Canyon and, indeed, at Canyon's request.

58.     NRB performed such work under circumstances that make it reasonable for NRB to expect payment from Canyon.

59.     Given the benefit conferred upon it by NRB, Canyon would be unjustly enriched if it were allowed to retain such benefits without making payment in full to NRB.

60.     NRB is entitled to recover the reasonable value of the benefit conferred upon Canyon by virtue of the work NRB performed.

61.     Canyon has failed to pay NRB in full for the reasonable value of its services, and NRB is entitled to $1,095,253 in order to receive the reasonable value of its services.

62.     In order to avoid unjust enrichment to Canyon, Canyon should be required to pay NRB for the reasonable value for the benefits NRB conferred.

WHEREFORE, NRB (USA), Inc. respectfully requests this Honorable Court to enter judgment in its favor and against Canyon Building & Design, LLC in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this Court deems just and equitable.

### Counterclaim Count VI – Trust Fund Violations

63.     NRB hereby incorporates Paragraphs 1 through 61 of the Counterclaim as if set forth fully herein.

64.     Pursuant to an agreement between Canyon and NRB, NRB performed work on the project.  Pursuant to the agreement between Canyon and NRB, Canyon agreed to make and assume certain obligations with regard to NRB.

65.     Upon information and belief, included within those duties and obligations are the duties and obligations to act at all times in compliance with Article 3-A of the Lien Law.

66.     Included within those duties and obligations are:

a.      the duty and obligation to keep project accounting in accordance with the law;

b.      the duty and obligation to deposit funds paid to Canyon in accordance with the law;

c.      the duty and obligation to pay certain sums of money to NRB; and

d.      the duty and obligation to make payments on behalf of the owner to NRB.

67.     Canyon has breached the aforesaid obligations and is responsible to NRB for the sum of $1,095,253, plus interest as set forth in the following causes of action with regard to Article 3-A of the Lien Law, together with such other and further relief as the Court may require.

WHEREFORE, NRB (USA), Inc. respectfully requests this Honorable Court to enter judgment in its favor and against Canyon Building & Design, LLC in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this Court deems just and equitable.

### Counterclaim Count VII – Lien Foreclosure

68.     NRB hereby incorporates by reference the averments of the foregoing paragraphs as if set forth fully herein.

69.     On February 13, 2015 NRB filed a Mechanic's Lien in Kings County, New York against the Project Property located at 556 Columbia St., Brooklyn, NY 11213, Block 601, Lot 17 on the tax map.

70.     The Mechanic's Lien was filed in the amount of $1,095,253.00, equaling the amount unpaid by Defendant Canyon Building & Design, LLC for labor performed and materials furnished.

71.     Upon information and belief, at the time of the filing of NRB's Notice of Mechanic's Lien, there was $1,095,253.00 remaining due and owing under the contract between NRB and Canyon.

72.     At the time of the filing of NRB's Notice of Mechanic's Lien, there was justly due, owing and unpaid by Canyon to NRB the sum of $1,095,253.00 plus interest.

73.     The Lien filed by NRB complies with all statutory requirements.

74.     Upon information and belief, each claim, interest or lien asserted by anyone other than NRB is subordinate to and subsequent to NRB's Mechanic's Lien.

WHEREFORE, NRB (USA), Inc. respectfully requests this Honorable Court to enter judgment in its favor and against Canyon Building & Design, LLC in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this Court deems just and equitable.

## THIRD PARTY COMPLAINT

Third Party Plaintiff, NRB (USA), Inc., by and through its attorneys, Tesser & Cohen, hereby files this Third Party Complaint against Great American Insurance Company and, in support thereof, avers as follows:

**PARTIES**

1.      Third Party Plaintiff is NRB (USA), Inc. ("NRB"), which is a corporation organized and existing under the laws of the State of Delaware, with its place of business located at 440 Wenger Drive, Ephrata, Pennsylvania 17522.  At all times material hereto, NRB was a manufacturer of modular buildings.

2.      Third Party Defendant Great American Insurance Company ("Great American") is a company existing under the laws of the State of Ohio, with its principal place of business located at 301 E. Fourth St., Cincinnati, OH 45202.

**JURISDICTION**

3.      The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and by virtue of diversity of citizenship of Plaintiff and Defendant, this Court has jurisdiction over this action under the provisions of 28 U.S.C. §1332.

**COUNT I – ACTION ON THE BOND**

4.      NRB hereby incorporates by reference the averments of the foregoing paragraphs set forth in its Answer and Counterclaim as if set forth fully herein.

5.      On February 13, 2015 NRB filed a Mechanic's Lien in Kings County, New York against the Project Property located at 556 Columbia St., Brooklyn, NY 11213, Block 601, Lot 17 on the tax map.

6.      The Mechanic's Lien was filed in the amount of $1,095,253.00, equaling the amount unpaid by Defendant Canyon Building & Design, LLC for labor performed and materials furnished.

7.      Upon NRB's filing of the Mechanics' Lien Claim on 556 Columbia St., Brooklyn, NY 11213 Project Property, Great American Insurance Company ("Great American") issued a discharge of lien bond (Bond No. 3953398) ("the Bond") with the Kings County Clerk.

8.      By virtue of filing the Bond with the Kings County Clerk, Great American has guaranteed that it will satisfy Plaintiff's lien claim in the event that Plaintiff is successful in proving its lien is valid.

9.      Pursuant to the terms of the bond and New York Statutes, Great American is liable for the full amount of the Mechanics' Lien filed by NRB.

10.     By reason of the foregoing, Great American is liable to NRB for the full amount and to the full extent of the Mechanics' Lien.

WHEREFORE, NRB (USA), Inc. respectfully requests this Honorable Court to enter judgment in its favor and against Great American Insurance Company in a principal amount of $1,095,253, plus pre-judgment interest and costs, together with post-judgment interest on all sums, and for such other and further relief as this Court deems just and equitable.

### Demand for Jury Trial

NRB hereby requests a trial by jury on all issues so triable.

Tesser & Cohen

BY:  /s/ Stephen Winkles
Stephen Winkles, Esq.
Eastern District on NY ID# SW7360
TESSER & COHEN
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Attorneys for Defendants, NRB (USA), Inc.,
Western Surety Company and CNA Surety, Inc.