UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CANYON BUILDING & DESIGN, LLC,

                    Plaintiff,                                        **ORDER**

     -against-

                                                            15-CV-1694 (JBW)

NRB (USA), INC., et al.,

                    Defendants.
------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

      In a memorandum and order dated November 17, 2015, this Court issued findings as to the privileged nature of a sample set of documents that were submitted *in camera* by plaintiff Canyon Building & Design, LLC ("Canyon"). See Memorandum and Order (Nov. 17, 2015) ("11/17/15 M&O"), Electronic Case Filing Docket Entry ("DE") #80. That opinion directed the parties to confer and propose a discovery plan in light of the Court's privilege rulings. See id. at 22-23. Unfortunately, the parties were unable to reach agreement on all discovery issues and have submitted separate letters. See [Canyon] Letter (Nov. 25, 2015) ("Pl. Let."), DE #82; [Defendants'] Letter (Nov. 25, 2015) ("Def. Let."), DE #83. The Court addresses the disputed matters below.

      The 11/17/15 M&O requires Canyon to reassess the privileged nature of the remaining 67 documents listed on the 10/22/15 Privilege Log, in light of the guidelines set forth in that opinion, and to make a supplemental production of documents based on that re-assessment. See 11/17/15 M&O at 23. Canyon requests that it have until December 20th to produce the documents. See Pl. Let. at 2. Canyon claims it needs five weeks to make this production in light of the upcoming Thanksgiving holiday, the number of depositions scheduled in the first

two weeks of December, and the parties' agreed-upon date for submitting additional briefing concerning Document 8.[1]  See id. at 1-2.  Defendants NRB (USA), Inc., Western Surety Company, and CNA Surety, Inc. ("defendants") propose that Canyon produce the 67 documents by December 2.  See Def. Let. at 1-2.

The Court finds that these documents should be produced prior to the scheduled December 4th deposition of Andrew McLaughlin.  Given the limited universe of documents, as well as counsel's presumed familiarity with the documents in completing the 10/22/15 privilege log, the Court concludes that a reasonable date for the production of these remaining documents is by 5 p.m. on December 3, 2015, via hand delivery or email.

The Court adopts the parties' proposed discovery end date of January 22, 2016.  See Pl. Let at 1; Def. Let. at 1.  As for the parties' agreed-upon date for submitting additional briefing on the issue of substantial need, the Court concludes that the parties' submissions will be more informative after the depositions of the concerned witness or witnesses.  See, e.g. Johnson v. Bryco Arms, No. 03 CV 2582, 02 CV 3029, 2005 WL 469612, at *TK (E.D.N.Y. Mar. 1, 2005).  The parties shall file a joint letter on December 7, via ECF, informing the Court of the new agreed-upon date for filing any supplemental briefing.

As for a second settlement conference, the Court is willing to accommodate the parties closer to the end of discovery, if both parties so desire.  Defendants, however, indicate that an additional conference would not be productive.  The parties are welcome to confer further on

---

[1] In the 11/17/15 M&O, the Court deferred ruling on the privileged nature of Document 8, pending a more fully developed record.  See 11/17/15 M&O at 17-22.

the issue and, if both are in agreement that a settlement conference would be fruitful, they should file a joint letter request for a conference no later than January 8, 2015.

      **SO ORDERED.**

**Dated:**      **Brooklyn, New York**
                **November 25, 2015**

                                          /s/ *Roanne L. Mann*
                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**